United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. MANN, *et al.*, | No. C 12-03014 DMR |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, *et al.*, | |
| Defendants. | |

Defendants move the court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Michael Mann and Evelyn Mann's complaint for failing to state a claim upon which relief can be granted. The court conducted a hearing on August 23, 2012, during which the parties were given an opportunity to present oral argument. For the reasons below, Defendants' motion is granted. Plaintiffs' first, second, third, fourth, and seventh claims are dismissed with prejudice, and the fifth and sixth claims are dismissed with leave to amend.

**I. Background**

Plaintiffs brought suit against Defendants Wells Fargo Bank, N.A. dba America's Servicing Company, Wells Fargo Home Mortgage, Inc. dba America's Servicing Company, and America's

1 Servicing Company[1] alleging various claims related to the furnishing of credit information regarding
2 Plaintiffs. Specifically, Plaintiffs allege that Defendants violated both state and federal consumer
3 protection laws by furnishing inaccurate, incomplete and false credit information to consumer
4 reporting agencies regarding Plaintiffs' mortgage accounts, which negatively impacted Plaintiffs'
5 credit.

6 In July 2005, Plaintiffs obtained first and second home mortgages in the amounts of
7 $484,000 and $121,000, respectively, on their home and real property located in El Dorado Hills.
8 (Compl. ¶ 11.) Wells Fargo serviced the mortgages. In or around June 2007, Wells Fargo issued a
9 Notice of Default to Plaintiffs and subsequently obtained a non-judicial foreclosure. (Compl. ¶ 12.)
10 In February 2008, Wells Fargo issued IRS Cancellation of Debt and Acquisition or Abandonment of
11 Secured Property forms to Plaintiffs. (Compl. ¶ 13.)

12 Plaintiffs allege that since 2011, Defendants have reported inaccurate and incomplete
13 information regarding the home loans to credit reporting agencies, and that as a result, they have
14 been denied consumer credit and have had credit cards cancelled by the issuers based on the
15 information on their credit report. (Compl. ¶¶ 26-28, 14.) Since December 2011, Plaintiffs have
16 repeatedly contacted Defendants to request that they correct the credit reporting to reflect "the
17 accurate information that '0' monies were owed by Plaintiffs, that the account had not been
18 submitted for 'collection,' that the account is not 'delinquent,' and that there are not any 'late
19 payments,' as being reported" (Compl. ¶ 18) by Defendants. (Compl. ¶¶ 16, 18-25.) In January
20 2012, Defendants responded to Plaintiffs, stating that the "lien has been extinguished due to the first
21 lien foreclosure," that its records indicate that the loan has a zero balance due, and that it would not
22 be attempting to collect additional funds for the loan. (Compl. ¶ 20, Ex. 5.) Although Defendants
23 indicated twice to Plaintiffs that it had submitted updated information and instructed the credit
24 reporting agencies "to update their records to remove the negative reporting from February 2008

---

[1] In their motion, Defendants contend Plaintiffs erroneously sued Wells Fargo Bank, N.A., its loan servicing division known as Wells Fargo Home Mortgage, and subdivision America's Servicing Company as three separate defendants. (Defs.' Mot. 3.) The court will refer herein to Defendants collectively as "Wells Fargo" or "Defendants."

through the current date" (Compl. ¶¶ 20, 22, Exs. 5, 7), Plaintiffs' credit reports continue to contain the "inaccurate and damaging information." (Compl. ¶ 32.)

On June 12, 2012, Plaintiffs filed suit against Defendants alleging the following claims: 1) negligence; 2) defamation; 3) invasion of privacy; 4) invasion of privacy with willful intent to injure and/or maliciously; 5) violation of the Fair Credit Reporting Act, 15 U.S.C. 1681s-2(b) ("FCRA"); 6) violation of California's Consumer Credit Reporting Agencies Act, California Civil Code section 1785.25 ("CCCRAA"); and 7) injunctive relief.

## II. Legal Standards

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

"[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict

facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### B. Granting Leave to Amend

If a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations & quotation marks omitted).

### III. Analysis

Defendants argue that Plaintiffs' complaint should be dismissed for two reasons. First, Defendants claim that all of Plaintiff's non-FCRA claims are expressly preempted by the FCRA. Second, Defendants argue that Plaintiffs lack standing to bring a claim under the FCRA. The court will address each argument in turn.

### A. Plaintiffs' State Law Claims

Defendants argue that Plaintiffs' common law tort claims for negligence, defamation, and invasion of privacy[2] and their CCCRAA claim (Plaintiffs' first, second, third, fourth, and sixth causes of action) are based upon Wells Fargo's alleged violation of its duties under 15 U.S.C. § 1681s-2, and are therefore preempted by section 1681t(b)(1)(F) of the FCRA. Accordingly, they should be dismissed. (Defs.' Mot. 5.)

Section 1681s-2(b) of the FCRA requires "that a furnisher conduct a reasonable investigation of a consumer dispute" and "requires a creditor, upon receiving notice of [a] dispute, to both report the results of the investigation *and*, 'if the investigation finds that the information is incomplete or inaccurate, report those results' to the [credit reporting agencies, "CRAs"]." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009) (emphasis in original) (quoting section 1681s-2(b)(1)(C)). While there is a private right of action for negligent or willful noncompliance with

---

[2] Plaintiffs' third and fourth causes of action are each for invasion of privacy; Plaintiffs' fourth cause of action alleges Defendants invaded Plaintiffs' privacy with "willful intent to injure and/or maliciously." (Compl. ¶ 64.)

4

section 1681s-2(b), *see id.*, section 1681t(b) of the FCRA also contains an express preemption provision. It provides, in relevant part, that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."[3] 15 U.S.C. § 1681t(b)(1)(F). Although Plaintiffs did not present argument on this point, the court notes that the FCRA also contains a provision that exempts certain state tort claims from preemption where a plaintiff pleads the defendant acted with malice or willful intent to injure. *See* 15 U.S.C. § 1681h(e) (exempting negligence, defamation, and invasion of privacy common law claims). Here, Plaintiffs have plead malice and/or willful intent to injure with respect to their defamation and invasion of privacy claims. (Compl. ¶¶ 59, 64.)

The court acknowledges that there is an apparent tension between sections 1681t(b)(1)(F) and 1681h(e) and that there is some dispute among district courts as to how to reconcile the two sections. *See El-Aheidab v. Citibank (South Dakota), N.A.*, No. C-11-5359 EMC, 2012 WL 506473, at *6 (N.D. Cal. Feb. 15, 2012); *Ali v. Capital One*, No. 1:11-cv-02115-LJO, 2012 WL 260023, at *5 (E.D. Cal. Jan. 27, 2012). The tension between the two provisions arises "because a majority of district courts interpret section 1681t(b)(1)(F) as expressly preempting all state common law and statutory claims against furnishers of information, while section 1681h(e) suggests certain state claims might not be preempted if the plaintiff pleads malice or willful intent to injure." *Miller v. Bank of America, N.A.*, __F. Supp. 2d.__, No. 3:11-cv-02588-MMA, 2012 WL 871321, at *6 (S.D. Cal. March 14, 2012) (citing *Gorman*, 584 F.3d at 1165); *see also Davis v. Md. Bank*, No. 00-04191, 2002 WL 32713429, at *12 (N.D. Cal. June 19, 2002) (finding a majority of district courts have held that the FCRA preempts state statutory and common law causes of action). In *El-Aheidab*, Judge Chen considered how to reconcile the two provisions and concluded section 1681t(b)(1)(F) completely preempts all state law causes of action, despite the exceptions noted in section 1681h(e). *El-Aheidab*, 2012 WL 506473, at *7-9. The court held that "a plaintiff cannot sustain a state common law or statutory claim related to the duties set forth in section 1681s-2, even if a plaintiff

---

[3] This preemption provision excepts only one statute relevant here, California Civil Code section 1785.25(a), which the court addresses below. *See* 15 U.S.C. § 1681t(b(1)(F)(ii).

5

alleges a defendant reported false information with malice or willful intent to injure." *Miller*, 2012 WL 871321, at *7 (citing *El-Aheidab*, 2012 WL 506473, at 8-9).

The court finds the rationale in *El-Aheidab* persuasive. Plaintiffs' common law tort claims, causes of action one through four, are preempted by section 1681t(b)(1)(F). The claim that forms the core of Plaintiffs' complaint is that Defendants reported inaccurate information to CRAs and failed to remedy Plaintiffs' request for corrections. Plaintiffs' allegations put their negligence, defamation, and invasion of privacy claims within the purview of section 1681s-2, because they clearly involve duties and responsibilities required of furnishers of credit information. *See, e.g.*, 15 U.S.C. § 1681s-2(a) (furnishers must accurately report credit information). Because the wrongful conduct is regulated under section 1681s-2, section 1681t(b)(1)(F) applies to preempt Plaintiffs' negligence, defamation, and invasion of privacy claims despite their allegations that Defendants acted with malice and/or the willful intent to injure. *See Buraye v. Equifax*, 625 F. Supp. 2d 894, 900 (C.D. Cal. 2008) (holding that the plain language of "section 1681t(b)(1)(F) clearly eliminated all state cause of action against furnishers of information") (quoting *Davis*, 2002 WL 32713429, at *13); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) ("On its face, the FCRA precludes all state statutory or common law causes of action that would impose any requirement or prohibition on the furnishers of credit information.") Accordingly, because these claims are preempted, amendment would be futile and causes of action one through four are dismissed with prejudice.

Plaintiffs' sixth cause of action alleges Defendants violated California's Consumer Credit Reporting Agencies Act, California Civil Code section 1785.25 ("CCCRAA"). Section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." As noted above, the FCRA's preemption provision expressly exempts section 1785.25(a), and the Ninth Circuit has held that "the private right of action to enforce California Civil Code section 1785.25(a) is not preempted by the FCRA." *See Gorman*, 584 F.3d at 1173. Defendants argue that Plaintiffs have not brought a claim under subsection (a) of Section 1785.25, and therefore this cause of action is preempted. While Plaintiffs' complaint does not specifically

6

reference subsection (a) (*see* Compl. 12), they appear to assert that their CCCRAA claim is brought under subsection (a) in their opposition to this motion. (Pls.' Opp'n 3-4.)

If, in fact, Plaintiffs seek to bring a cause of action against Defendants based upon a violation of section 1785.25(a), they have sufficiently alleged facts to bring such a cause of action. Plaintiffs allege the information provided by Defendants to CRAs was inaccurate. They also allege that they disputed the credit information directly with Defendants; thus, Wells Fargo had reason to know of potential inaccuracies. Plaintiffs aver that Defendants failed to correct the false, inaccurate information about their mortgage accounts after advising Defendants that the information was false and disputed. (Compl. ¶¶ 70-74.) The actions Plaintiffs took are sufficient to establish that Defendants knew or should have known that the information being furnished was inaccurate. *See Browndorf v. TD Bank, N.A.*, No. SACV12-0223 DOC, 2012 WL 2919470, at *6 (C.D. Cal. July 17, 2012) (denying motion to dismiss CCCRAA claim where plaintiff alleged creditor defendants failed to take any corrective actions after being provided with copies of plaintiff's bankruptcy discharge order).

Defendants assert that Plaintiffs' allegations are insufficient to establish that their credit reports contained inaccurate information, arguing that their complaint "is devoid of factual allegations as to what made the information reported by Wells Fargo false." (Defs.' Mot. 10.) According to Defendants, Plaintiffs have not alleged that the second home mortgage was extinguished upon completion of the trustee's sale, and therefore have not alleged facts sufficient to establish that Wells Fargo's reporting as to the second loan was inaccurate. (Defs.' Mot. 10-11.) In support of this argument, Defendants submitted various documents attached to their Request for Judicial Notice pertaining to the purchase of the home and the two mortgages, arguing that judicially noticeable facts show that "the foreclosed deed of trust secured Plaintiffs' First Loan, whereas the allegedly inaccurate credit reports related to the junior, Second Loan," and that the first and second

1 loans were refinance loans, rather than purchase money loans. (Defs.' Mot. 10; Defs.' Req. for
2 Judicial Notice in Supp. of Mot. to Dismiss[4] ("RJN") Exs. 2-7.)
3     At the hearing, Plaintiffs asserted that the foreclosure extinguished the second loan, and
4 therefore, Defendants' reporting about the second loan was incorrect. Defense counsel, by contrast,
5 took the position that their reporting was correct, because the foreclosure did *not* extinguish the
6 second loan. The documents submitted by Defendants do not conclusively establish that the second
7 loan was not extinguished. Whether the second loan was extinguished by the foreclosure is a
8 disputed question of fact, and the accuracy of Defendants' reporting on the loans turns on the
9 resolution of this question. In considering a motion to dismiss for failure to state a claim, the court
10 must "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at
11 94. While the court need not accept as true allegations that contradict facts which may be judicially
12 noticed, *see Mullis,* 828 F.2d at 1388, here, the documents simply do not contradict Plaintiffs'
13 allegations. Accordingly, the court concludes that Plaintiffs have sufficiently alleged that
14 Defendants reported inaccurate information to CRAs, and Plaintiffs are granted leave to amend their
15 sixth cause of action to specifically allege a violation of subsection (a) of California Civil Code
16 section 1785.25.
17     **B.    Plaintiffs' FCRA Claim**
18     Plaintiffs' fifth cause of action is for violation of the FCRA, 15 U.S.C. § 1681s-2(b).
19 Plaintiffs allege that Defendants violated the FCRA by "failing to supply accurate and truthful
20 information." (Compl. para 68.) Defendants argue that this claim fails because Plaintiffs lack
21 standing to bring such a claim. The court agrees.
22     Section 1681s-2(b) requires a furnisher of information to undertake an investigation upon
23 receipt of notice from a CRA of a viable dispute as to the completeness or accuracy of any
24 information provided by that furnisher. The investigation must take place within specific time

---

[4] The court grants Defendants' request for judicial notice of Exhibits 1-13. They are true and correct copies of official public records of the County of El Dorado, and their authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Plaintiffs did not object to the court taking judicial notice of any documents submitted in support of the motion to dismiss.

(Left margin: **United States District Court** / For the Northern District of California)

1 limits, and if an item of information is found to be inaccurate or incomplete, the furnisher must
2 report the results of the investigation to the CRA and to any other nationwide CRAs to whom the
3 furnisher had furnished the information. The furnisher must also modify, delete, or block reporting
4 of information that is inaccurate, incomplete, or cannot be verified. 15 U.S.C. § 1681s-2(b).

5       In *Roybal*, 405 F. Supp. 2d at 1179, the court held that consumers could not bring a private
6 action against a furnisher of credit information pursuant to section 1681s-2(b) unless they alleged
7 they had first contacted the credit reporting agency and that the agency had in turn contacted the
8 furnisher of the information, thereby triggering a duty to investigate. The court cited and relied
9 upon *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002), in which
10 the Ninth Circuit held that a private right of action against a furnisher of credit information exists
11 only if the consumer notifies the CRA in the first instance; the furnisher's duty to investigate does
12 not arise until the furnisher receives notice of the dispute from the CRA directly. *Roybal*, 405 F.
13 Supp. 2d at 1180.

14       Therefore, in order for Plaintiffs to state a claim under the FCRA against a furnisher of credit
15 information such as Defendants, Plaintiffs must allege that they contacted the CRAs who, in turn,
16 determined the claim was viable and contacted Defendants, thereby triggering their duty to
17 investigate. *See Roybal*, 405 F. Supp. 2d at 1180. Since Plaintiffs have failed to allege the
18 foregoing as required, they lack standing to bring an FCRA claim against Defendants. Accordingly,
19 Defendants' motion to dismiss the FCRA claim is granted with leave to amend.

20       **C.**     **Plaintiffs' Claim for Injunctive Relief**

21       Finally, Defendants move to dismiss Plaintiffs' seventh cause of action for injunctive relief.
22 Injunctive relief is not an independent cause of action, but is a form of relief. *Logvinov v. Wells*
23 *Fargo Bank*, No. 11-04772 DMR, 2011 WL 6140995, at *4 (N.D. Cal. Dec. 9, 2011); *Mehta v.*
24 *Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1205 (S.D. Cal. 2010) ("Injunctive relief, like
25 damages, is a remedy requested by the parties, not a separate cause of action.") (citation and
26 quotation marks omitted)*; Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1182 (E.D. Cal.
27 2010) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must
28 exist before injunctive relief may be granted.") (citation and quotation marks omitted). Plaintiffs

9

may seek injunctive relief in their Prayer for Relief. Defendants' motion to dismiss this type of relief as a separate claim is granted. This is without prejudice to granting injunctive relief should such relief be available and appropriate upon the success of any claim.

### IV. Conclusion

For the foregoing reasons, Defendants' motion is granted. Plaintiffs' first, second, third, fourth, and seventh claims are dismissed with prejudice. Plaintiffs' fifth and sixth claims are dismissed with leave to amend. Plaintiffs' amended complaint must be filed by no later than September 6, 2012.

IT IS SO ORDERED.

Dated: August 27, 2012

_____
DONNA M. RYU
United States Magistrate Judge