United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL W. MANN, *et al.*,

    Plaintiffs,

    v.

WELLS FARGO BANK, *et al.*,

    Defendants.
_____/

No. C 12-03014 DMR

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Defendants move the court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Michael Mann and Evelyn Mann's Amended Complaint for failing to state a claim upon which relief can be granted. The court conducted a hearing on November 29, 2012, during which the parties were given an opportunity to present oral argument. For the reasons below, Defendants' motion is denied.

**I. Background**

Plaintiffs brought suit against Defendants Wells Fargo Bank, N.A. dba America's Servicing Company, Wells Fargo Home Mortgage, Inc. dba America's Servicing Company, and America's Servicing Company,[1] alleging various claims related to the furnishing of Plaintiffs' credit

---

[1] In their motion, Defendants contend Plaintiffs erroneously sued Wells Fargo Bank, N.A., its loan servicing division known as Wells Fargo Home Mortgage, and subdivision America's Servicing Company as three separate defendants. (Defs.' Mot. 3.) The court will refer herein to Defendants collectively as "Wells Fargo" or "Defendants."

1  information. Specifically, Plaintiffs allege that Defendants violated both state and federal consumer
2  protection laws by furnishing inaccurate, incomplete and false credit information to consumer
3  reporting agencies regarding Plaintiffs' mortgage accounts, which negatively impacted Plaintiffs'
4  credit.

5        Plaintiffs make the following allegations in their Amended Complaint, all of which are taken
6  as true solely for purposes of this motion.[2] In July 2005, Plaintiffs obtained first and second home
7  mortgages in the amounts of $484,000 and $121,000, respectively, on their home and real property
8  located in El Dorado Hills. (Am. Compl. ¶ 11.) Wells Fargo serviced the mortgages. In or around
9  June 2007, Wells Fargo issued a Notice of Default to Plaintiffs and subsequently obtained a non-
10 judicial foreclosure. (Am. Compl. ¶ 12.) In February 2008, Wells Fargo issued IRS Cancellation of
11 Debt and Acquisition or Abandonment of Secured Property forms to Plaintiffs. Shortly after receipt
12 of the IRS forms, Plaintiffs spoke with Defendants and were told that the "mortgage debts were
13 cancelled or extinguished" by the foreclosure. (Am. Compl. ¶ 13.)

14       Plaintiffs allege that since 2011, Defendants have reported inaccurate and incomplete
15 information regarding the home loans to credit reporting agencies. As a result, Plaintiffs have been
16 denied consumer credit and have had credit cards cancelled by the issuers based on the information
17 on their credit report. (Am. Compl. ¶¶ 26-28, 14.) Plaintiffs disputed the accuracy of the reported
18 information to the consumer credit reporting agencies ("CRAs"). The CRAs determined that
19 Plaintiffs' complaints were viable, and contacted Defendants. However, Defendants continued to
20 report the inaccurate information. (Am. Compl. ¶ 15.) Plaintiffs have also disputed the accuracy of
21 the information directly with Defendants. Since December 2011, Plaintiffs have repeatedly
22 contacted Defendants to request that they correct the credit reporting to reflect "the accurate
23 information that '0' monies were owed by Plaintiffs, that the account had not been submitted for
24 'collection,' that the account is not 'delinquent,' and that there are not any 'late payments,' as being
25 reported" (Am. Compl. ¶ 18) by Defendants. (Am Compl. ¶¶ 16, 18-25.) In January 2012,

---

[2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

Defendants responded in writing to Plaintiffs, stating that the "lien has been extinguished due to the first lien foreclosure," that its records indicate that the loan has a zero balance due, and that it would not be attempting to collect additional funds for the loan. (Am. Compl. ¶ 20, Ex. 8.) Although Defendants twice indicated to Plaintiffs that they had submitted updated information and instructed the credit reporting agencies "to update their records to remove the negative reporting from February 2008 through the current date," (Am. Compl. ¶¶ 20, 22, Exs. 8, 10), Plaintiffs' credit reports continue to contain the "inaccurate and damaging information." (Am. Compl. ¶ 31.)

On June 12, 2012, Plaintiffs filed suit against Defendants alleging the following claims: 1) negligence; 2) defamation; 3) invasion of privacy; 4) invasion of privacy with willful intent to injure and/or maliciously; 5) violation of the Fair Credit Reporting Act, 15 U.S.C. 1681s-2(b) ("FCRA"); 6) violation of California's Consumer Credit Reporting Agencies Act, California Civil Code section 1785.25 ("CCCRAA"); and 7) injunctive relief. On August 27, 2012, the court dismissed Plaintiffs' FCRA and CCCRAA claims with leave to amend, and dismissed Plaintiffs' remaining claims with prejudice. On September 6, 2012, Plaintiffs filed the Amended Complaint, alleging violations of the FCRA and the CCCRAA. Defendants now move to dismiss the Amended Complaint.

## II. Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). However, the court may consider extrinsic evidence without converting the motion into a motion for summary judgment in two circumstances. *Id.* (citation omitted); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). First, the court may examine "material which is properly submitted as a part of the complaint." *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). If a document's authenticity is not contested and the complaint "necessarily relies" on it, the court may take that document into account even if it is not physically attached to the complaint. *Id.* (citation and quotation marks omitted). Second, the court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *Id.* at 688-89 (citation and quotation marks omitted); *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

### III. Analysis

#### A. Defendants' Request for Judicial Notice

Defendants ask the court to take judicial notice of documents recorded in the El Dorado County Recorder's Office related to the deeds of trust securing the first and second mortgages against the real property and its foreclosure. (Defs.' Request for Judicial Notice ("RJN") 2-3, Exs. 1-9.) The court takes judicial notice of the documents as matters of public record pursuant to Federal Rule of Evidence 201.[3]

#### B. Discussion

---

[3] Plaintiffs also filed a Request for Judicial Notice, asking the court to take judicial notice of two declarations and documents attached thereto. The court declines to take judicial notice of the materials submitted by Plaintiffs. The materials were not submitted as part of the Amended Complaint and the Amended Complaint does not rely on them, nor are the materials judicially-noticeable as matters of public record. *See Lee*, 250 F.3d at 688-89 (holding court may take judicial notice of documents whose authenticity is not contested and on which the complaint "necessarily relies," as well as "matters of public record" pursuant to Federal Rule of Evidence 201, without converting the motion into a motion for summary judgment). Accordingly, the court may not consider the materials without converting the motion into a motion for summary judgment. *Id.* at 688; Fed. R. Civ. P. 12(d). Neither party has asked the court to convert this motion into a motion for summary judgment and the court declines to do so.

Plaintiffs' Amended Complaint alleges willful and negligent violations of the FCRA and the CCCRAA based upon Defendants' failure to (1) conduct a reasonable investigation into the disputed information about Plaintiffs; (2) review all relevant information provided by the CRAs; and (3) modify, delete, or permanently block the reporting of inaccurate, incomplete, or unverifiable information regarding Plaintiffs to the CRAs. (Am. Compl. ¶¶ 59, 68, 77, 86.) Defendants' sole argument for dismissal of the Amended Complaint is that Plaintiffs fail to plead facts sufficient to show that they are legally entitled to have the second loan reported to CRAs as a debt they no longer owe. In other words, Plaintiffs' causes of action depend on Defendants' having reported inaccurate information regarding Plaintiffs' second loan to the CRAs, and Defendants argue that Plaintiffs fail to specify *how* the information on their credit report is inaccurate. (Defs.' Mot. 1.) Defendants contend that their reporting was correct because, as a matter of law, the foreclosure extinguished the first loan but did not extinguish the second loan.

In support of this position, Defendants cite *Cadlerock Joint Venture, L.P. v. Lobel*, 206 Cal. App. 4th 1531 (2012). In *Cadlerock*, a single lender provided a borrower with two non-purchase money loans secured by two deeds of trust against the same real property (called a "piggyback" financing transaction), and then almost immediately assigned the junior loan to a third party. *Id*. at 1536. The California Court of Appeal considered whether California's anti-deficiency statute, California Code of Civil Procedure section 580d, precluded the assignee of the junior loan from seeking a deficiency judgment against the borrower after the senior loan was extinguished by a foreclosure sale of the property.[4] *Id*. at 1536-37. The court reversed the trial court's grant of summary judgment to the defendant borrower, and held that the assignee of the junior loan was not precluded from seeking a deficiency judgment. *Id*. at 1546-47. In so doing, the court acknowledged that prior cases had reached a different conclusion. Those cases held that where "[a] single creditor that, at the time of foreclosure, has both a senior and junior lien on the same real property, [the creditor] cannot conduct a nonjudicial foreclosure on the senior lien, then pursue a deficiency

---

[4] California Code of Civil Procedure section 580d "precludes a judgment for any loan balance left unpaid after the lender's nonjudicial foreclosure under a power of sale in a deed of trust . . . on real property." *Cadlerock*, 206 Cal. App. 4th at 1536 (quoting *W. Sec. Bank v. Superior Court*, 15 Cal. 4th 232, 237 (1997) (quotation marks omitted) (ellipses in original).

1 judgment as a sold-out junior lienor." *Id*. at 1544-46 (citing *Bank of Am., N.A. v. Mitchell*, 204 Cal. App. 4th 1199, 1206-08 (2012) and *Simon v. Superior Court*, 4 Cal. App. 4th 63, 67 (1992)). The *Cadlerock* court declined to extend *Simon*'s and *Mitchell*'s interpretation of section 580d to the situation where one of the two loans originated by a single lender had been assigned to a third party before the trustee's sale. *Id*. at 1546-47. Key to the court's determination was the fact that at the time of the foreclosure sale, the junior and senior liens were held by two different entities. Thus, "[t]he factual circumstances [did] not suggest two loans were created (when one would have sufficed) as an artifice to evade section 580d." *Id*.

Defendants argue that the facts here are similar to those in *Cadlerock*. Defendants submitted judicially-noticeable documents that show that Plaintiffs' two home loans were issued by the same lender, American Century Mortgage Corporation ("American Century") and that American Century assigned both loans to the same entity, BNC Mortgage, Inc., shortly thereafter. (RJN Exs. 2-5.) On October 18, 2007, a notice of default was recorded against the first, senior loan. (RJN Ex. 6.) On November 1, 2007, less than a month later, the deed of trust for the senior loan was again assigned, this time to U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-8. (RJN Ex. 7.) According to Defendants, since Plaintiffs' first and second loans were not held by the same assignee at the time of the foreclosure sale, under *Cadlerock*, the sale did not extinguish Plaintiffs' payment obligations under the second loan. (Defs.' Mot. 5-6.)

Essentially, Defendants ask the court to find as a matter of law that the foreclosure sale did not extinguish Plaintiffs' obligations on the junior loan. However, the key question of whether the junior loan was extinguished by the foreclosure is a disputed question of fact, and is thus inappropriate for resolution on a Rule 12(b)(6) motion. Although Defendants urge the court to apply *Cadlerock* to conclude that the junior loan was not extinguished as a matter of law, the holding in that case is tethered to its factual findings. Upon review of a fully developed factual record, the *Cadlerock* court concluded that section 580d did not preclude the assignee of the junior loan from seeking a deficiency judgment after the extinguishment of the senior loan, held by a different entity, where there was no evidence that the lender created two loans "as an artifice to evade section 580d." *Cadlerock*, 206 Cal. App. 4th at 1547. Specifically, the *Cadlerock* court found that there was "no

6

suggestion in the record that the loan originator . . . and any of the various assignees of the senior and junior loans were affiliated in any way or conspired in any way to evade the antideficiency laws."[5] *Id*. at 1546. Accordingly, resolution of the question of whether Plaintiffs' junior loan was extinguished by the foreclosure, including whether *Cadlerock* is applicable in this case, will depend on facts, including those regarding the initiation and assignment of Plaintiffs' loans. Moreover, Defendants' representations about the junior loan may also be relevant to the question of whether the loan had been extinguished through the foreclosure. In a January 2012 letter to Plaintiffs' counsel,[6] Defendant America's Servicing Company described the status of the junior loan as follows: "Our records indicate this loan shows a $0.00 balance due. We will not be attempting to collect additional funds for this loan. The lien has been extinguished due to the first lien foreclosure." (Am. Compl. Ex. 8.) This statement is directly contrary to the position Defendants now take with respect to the junior loan.

### IV. Conclusion

For the foregoing reasons, Defendants' motion is denied.

IT IS SO ORDERED.

Dated: December 4, 2012



DONNA M. RYU
United States Magistrate Judge

---

[5] The court also notes that in *Cadlerock*, the lender assigned the junior loan almost immediately after the borrower took out the loan. *Cadlerock*, 206 Cal. App. 4th at 1537. Here, in contrast, BNC Mortgage, Inc. assigned Plaintiffs' senior loan less than one month after recording the notice of default on that loan. (RJN Exs. 6, 7.)

[6] The court may consider the letter because it was properly submitted as part of the Amended Complaint. *See Lee*, 250 F.3d at 688.

7